De Nardo et ux. *v.* Seven Baker Bros., Appellant.

348

Argued April 23, 1931.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*D. H. McConnell,* for appellant, cited: Byrne v. Pittsburgh Brewing Company, 259 Pa. 357.

*T. M. Gealey,* for appellees, cited: Qualp v. James Stewart Company, 266 Pa. 502; Simonton v. Morton, 275 Pa. 562.

OPINION BY GAWTHROP, J., July 8, 1931:

This is an action of trespass for the wrongful death of plaintiffs' son, William De Nardo. After a verdict for plaintiffs defendant's motion for judgment non obstante veredicto was refused and judgment was entered on the verdict. Defendant appeals and the single assignment of error is to the refusal of this motion.

Seven Baker Brothers, defendant corporation, was engaged in the manufacture of bread, pies, cakes and other similar products, and maintained and operated its principal place of business in the City of Pittsburgh. It laid out into fifty-one routes the territory into which it delivered its products, and maintained a fleet of automobile trucks which it used in making deliveries. At the time of the occurrence of the accident out of which this action arose defendant employed in its sales department one Hendzel, who made deliveries of bakery products on one of the routes by means of one of defendant's trucks, which it furnished to him, and for which it supplied the gas and oil. It placed in Hendzel's hands a route book containing the names of the customers to whom deliveries were to be made. It authorized him to solicit other customers along the route and to sell to them at prices fixed by it. It maintained a schedule under which its routes were operated. According to this schedule Hendzel went to defendant's premises each morning, loaded the truck and left the plant about 4 or 4:30 o'clock. He was paid a commission of seven and a half per cent. of the gross sales, and could be discharged by defendant at any time. He was authorized by defendant to employ a helper at his own expense. For two or

three months prior to the date of the accident, he employed William De Nardo, a boy of sixteen years, as a helper, and paid him $1.50 a day. The boy went into defendant's plant every morning, with the knowledge of defendant, assisted Hendzel in loading the truck, accompanied him on the route and helped him to deliver the load. While riding on the truck on June 16, 1928, the boy was killed in an accident resulting, as it appears from the verdict of the jury, from defendant's neglect of duty in furnishing to Hendzel a truck on which the brakes were defective and out of repair.

Appellant seeks to escape common law liability on the ground that the boy was its employe at the time he met his death and that, therefore, it is within the sheltering protection of the Workmen's Compensation Act. It contends that Sections 203 and 302 (b) of the act control the disposition of the case. Section 203 provides: "An employer who permits the entry, upon premises occupied by him or under his control, of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to that employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe." Section 302 (b) merely carries into effect Section 203, by providing that the employer who does the acts described in Section 203, "shall be conclusively presumed to have agreed to pay such laborer or assistant compensation, &c." While these sections of the act have been applied, in adjudicated cases, to workmen hired by sub-contractors (McDonald v. Levinson Steel Co., 302 Pa. 287; Qualp v. James Stewart Co., 266 Pa. 502, and cases therein cited) they apply also to a workman hired by an employe who is not a sub-contractor. By express terms the act in Section 103 declares the term "employer" as used in the act to be

synonymous with master, and in Section 104 the term "employe" is declared to be synonymous with servant: Smith v. State Workmen's Ins. Fund, 262 Pa. 286. Therefore, Section 203 may be read: "A master who permits on his premises a laborer or an assistant hired by a servant for the performance upon his premises of a part of the master's regular business entrusted to that servant......shall be as to such laborer or assistant a statutory employer." If Hendzel was an employe or servant of defendant, and not an independent contractor, Section 203 applies to the case because, in such circumstances, defendant was a master who permitted, upon premises occupied by it, a laborer or assistant (the boy) hired by its servant for the performance on such premises of a part of the master's regular business entrusted to its servant. This would make defendant a statutory employer of the boy. A statutory employer is a master who is not a contractual or common law one, but is one made by the act: McDonald v. Levinson Steel Co., supra. We have no difficulty in agreeing with the court below that Hendzel was an employe rather than an independent contractor. He had quite a free hand in making deliveries, but he was subject to defendant's instructions in the performance of his work and could be discharged at any time. "Where control is not reserved over the means, the relationship is that of independent contractor, and conversely where such control is reserved, the relationship is that of servant or employe": Kelley v. D. L. & W. R. Co., 270 Pa. 426, 429. See also Lenhart v. Emmons & Co., 99 Pa. Superior Ct. 180. Manifestly Hendzel, like the drivers on the other routes, was merely an employe, and there was no such letting out of work to him as made him a contractor free from defendant's control as to the matter of performance. Therefore, we can come to no other conclusion than that defendant was a statutory employer

of the boy under the terms of Section 203 and 302 of the Compensation Act. Such a conclusion results from a literal construction of the act. It is evident that the purpose of the legislature was to fix definitely some responsible party with the obligation of paying compensation to injured workmen. When the owner of the premises, or one in the position of owner, lets out work to be done on the premises to an independent contractor whose duty it is to assume control of the work, such contractor has been selected by the legislature as the responsible party: Qualp v. James Stewart Co., supra. But when control of the work is retained by the owner and there is no independent contractor responsible to workmen injured on the premises, the party made responsible for paying compensation is the master who permits, on premises under his control, a laborer hired by his servant to perform part of the master's regular business entrusted to his servant. The status of the boy as a statutory employe of defendant when he was helping Hendzel load the truck on the premises did not terminate when he left the premises and was working off the premises when he · sustained the injuries from which he died. He was still in the course of his employment. It was only necessary that he should perform part of his work on the premises in order to bring him within the above mentioned sections of the statute. We are constrained to hold, therefore, that plaintiffs' remedy was under the Compensation Act and that defendant is absolved from liability at common law. Therefore, defendant's motion for judgment in its favor should have prevailed.

The judgment is reversed and is here entered for defendant.