384

Fishel *v.* Sears, Roebuck & Co.

Argued September 8, 1972, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*R. J. Woodside,* with him *Shearer, Mette, Hoerner & Woodside,* for appellant.

*Richard L. Placey,* with him *Shumaker, Williams, Placey & Wright,* for appellee.

OPINION BY JUDGE ROGERS, October 11, 1972:

Sears, Roebuck & Company here appeals from a decision of the Workmen's Compensation Board affirming a referee's award of benefits to Richard Fishel.

Sears sold aluminum awnings from its store in Harrisburg to one Anna Driver, the owner of an apartment house in that city. The contract of sale provided that Sears would arrange for installation of the awnings and the $1600 purchase price included the cost of installation. One Ronicky Johnson had undertaken to install various items sold by Sears, including aluminum awnings. His written contract with Sears provided that each job should be charged to Sears based on a schedule of charges included as part of the contract. Sears gave Johnson the job of installing Anna Driver's awnings. Without the knowledge of Sears, Johnson engaged the claimant, Richard Fishel, to assist him. Fishel, who had other regular employment, was hired by Johnson for the Driver work only, for ". . . at least $5.00 an hour if we got it done in good time." This was Fishel's first and only employment by Johnson as a helper. About one-half hour after commencing work at the Driver apartment house, Fishel fell from a ladder and was hurt. Although Johnson's contract with Sears obliged him to carry Workmen's Compensation Insurance, he had none. Fishel filed his claim petition under the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1 *et seq.,* naming Sears as his employer.

Obviously, if Sears is to be held to be liable for the benefits conferred by the Compensation Act, its status as Fishel's employer must be of the fictional, or as it is usually called, the statutory variety, provided for by Section 203, 77 P.S. §52, which reads: "An employer

who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe." The referee and the Board reasoned that Sears answered the description of employer, because it had the right to control the Driver premises where the awnings were being installed by Johnson and Fishel. This was error and we must reverse.

Workmen's Compensation, because it limits the amounts recoverable by employees of negligent employers and enlarges the liability of non-negligent employers to injured employees, required constitutional authority. This was provided in Pennsylvania by Section 18 of Article 3, added to our Constitution in 1915 and empowering the General Assembly: ". . . [to] enact laws requiring the payment by employers, or employers and employes jointly, of reasonable compensation for injuries to employes arising in the course of their employment, and for occupational diseases of employes, whether or not such injuries or diseases result in death, and regardless of fault of employer or employe, and fixing the basis of ascertainment of such compensation and the maximum and minimum limits thereof, and providing special or general remedies for the collection thereof; but in no other cases shall the General Assembly limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property. . . ." Section 203 of the Pennsylvania Workmen's Compensation Act enacted in 1915, Act of June 2, 1915, P. L. 736, pursuant to the constitutional warrant thus given, was exactly as the same section now is, as hereinbefore quoted. In 1937 the General Assembly amended Sec-

tion 203 so as to impose liability under the Act upon employers for injuries to employees of contractors whether their injuries occurred upon premises occupied or controlled by the employer or not. The Supreme Court in *Rich Hill Coal Company v. Bashore*, 334 Pa. 449, 7 A. 2d 302 (1939), struck this provision down, giving the following explanation for its action: "Section 203 of the Workmen's Compensation Act of *1915* imposed on the general employer liability for injuries to those 'laborers or an assistant hired by an employee or contractor for the performance *upon such premises* [italics supplied] of a part of the employer's regular business entrusted to such employee or contractor.' In Qualp v. James Stewart Co., 266 Pa. 502, 109 A. 780, this court held the applicable section of the Workmen's Compensation Act of 1915 related only to employees who were 'upon premises under his [the employer's] control.' In Gallivan v. Wark Co., 288 Pa. 443, 449, 136 A. 223, this court in construing section 203 of Article II of the 1915 Workmen's Compensation Act referred to this section as 'the most drastic interference with individual rights to be found in the act,' and that it 'forced liability upon parties who are not in privity of contract.' It is clear that section 203 of the Act No. 323 of 1937 goes far beyond 'the drastic interference' of the old act. Under the old act, the 'employee' of the subcontractor could not recover from the principal contractor unless he was injured on the premises of the latter or under his control. This propinquity between the primary employer and the laborer made it possible for the employer to supervise the conditions of the laborer's employment and afforded some logical basis for holding that the former was liable to the latter for any personal injuries received on premises under the former's control. Such a holding marked the utmost limit this court can go in giving the statuses of 'em-

ployee' and 'employer', respectively, to two persons who in fact have no such contractual relation to each other. Now we are asked to hold that an employee of a subcontractor 'B' who anywhere on premises no matter how remote from and how far beyond the control of, contractor 'A', is injured, can recover from 'A' in an action at law for such injury received by that employee in the course of his employment by subcontractor 'B'. This imposes responsibility upon an employer without giving him reciprocal authority. We cannot judicially hold that when the people of this Commonwealth authorized the General Assembly to enact 'laws requiring the payment by employers, or employers and employees jointly, of reasonable compensation for injuries to employees arising in the course of their employment and for occupational diseases of employees', they intended to confer or did confer upon the General Assembly an authority to enact a law making an employer liable to the employee of a subcontractor employer on premises remote from the first employer's premises and over which he did not have the slightest control." 334 Pa. at 464, 465, 7 A. 2d at 310.

Since the *Rich Hill* holding and the further amendment of Section 203 by the restoration of its original wording, the courts have adhered to a rule of actual as opposed to the right to control as a requisite to the applicability of Section 203. In *Lee v. McMinn Industries, Inc.,* 167 Pa. Superior Ct. 501, 507, 76 A. 2d 493, 497 (1950), the court said: "In the decision of this question, account must be taken of the realities of the situation, and it cannot be resolved by attributing an artificial or theoretical meaning to the word 'premises'." In *Boettger v. The Babcock & Wilcox Company,* 242 F. 2d 455 (3rd Cir. 1957), the trial court had concluded that Babcock & Wilcox was the statutory employer under Section 203 of the employee of a subcon-

tractor injured in the subcontractor's shop while engaged in work for and under the immediate supervision of a Babcock & Wilcox supervisor. The Circuit Court reversed and remanded upon Judge Hastie's accurate summary of the state law on the issue at hand:

"But, the district court reasoned, even if Boettger's admissions did not establish that he was the employee of Babcock & Wilcox, enough appeared to establish a statutory employer-employee relationship under the Pennsylvania Workmen's Compensation Act. Section 203 of the Pennsylvania Workmen's Compensation Act, 77 P.S. §52 defines a special situation in which one who in actuality is not the employer of an injured workman may be charged with the responsibilities and may enjoy the immunities of an employer under the statute. . . .

"The courts of Pennsylvania have construed this section strictly. See McDonald v. Levinson Steel Co., 1930, 302 Pa. 287, 153 A. 424; Gallivan v. Wark Co., 1927, 288 Pa. 443, 136 A. 223. For present purposes the important requirement is that the person to be charged as a statutory employer must, in fact, occupy or control the premises, while the employee must be one whom that responsible occupant has permitted to enter the premises in furtherance of his regular business. The Pennsylvania courts regard this requirement that the statutory employer occupy or control the premises to which he has admitted the workman in question as the one feature of the scheme of Section 203 which makes constitutional this imposition of an employer's Workmen Compensation responsibility upon one who is not an actual employer. D'Alessandro v. Barfield, 1944, 348 Pa. 328, 35 A. 2d 412; Rich Hill Coal Co. v. Bashore; 1939, 334 Pa. 449, 7 A. 2d 302; see Skinner, Workmen's Compensation Law of Pennsylvania, 4th ed. 1947, 90-92." 242 F. 2d at 457, 458.

The case of *D'Alessandro v. Barfield*, 348 Pa. 328, 35 A. 2d 412 (1944), is directly in point and controls our decision here. There a dairy enterprise contended that it was the statutory employer of a boy who with its knowledge was employed by one of its delivery men to assist on its delivery truck and who was injured in a highway accident caused by its driver's negligent operation of the truck. Despite the facts that the boy was known by a partner of the dairy to be employed by the driver, that the boy commenced his employment at the dairy's premises by assisting in the loading of its truck, and that the boy was injured while a passenger in the dairy's truck making its rounds, the Supreme Court held that the boy was not on premises occupied or controlled by the dairy. Its reasoning is expressed by Chief Justice Maxey in pertinent part as follows:

"There *is* justification for holding an employer liable for injuries sustained by the employee of a subcontractor while that employee is *on the employer's premises*. His presence there gives the employer the power of control over him and over the conditions surrounding him. If he is doing his work in a reckless manner the employer can make him correct his conduct or order him off the premises. If he is working under dangerous conditions, the employer can correct the conditions or order him off the premises until the danger is averted. When such an employee is off the employer's premises this power of control over him and his surroundings no longer exists. For the legislature to attempt to make the employer liable to one who is in fact not an employee of his and who is not on the employer's premises at the time of the injury would go far beyond anything Article 3, Sec. 21 of the Constitution authorized when it declared: 'The General Assembly may enact laws requiring the payment by

employers, or employers and employes jointly, of reasonable compensation for injuries to employes arising in the course of their employment . . . .'

"The appellant relies largely upon the case of De-Nardo et ux. v. Seven Baker Bros., 102 Pa. Superior Ct. 347, 156 A. 725. That was an action of trespass for the wrongful death of plaintiff's son, William De-Nardo, and the appellant corporation there sought to escape common law liability on the ground that the boy was its employee at the time he met his death and that, therefore, it was 'within the sheltering protection of the Workmen's Compensation Act.' The Superior Court accepted that view, saying: 'The status of the boy as a statutory employe of defendant when he was helping Hendzel load the truck on the premises did not terminate when he left the premises and was working off the premises when he sustained the injuries from which he died. He was still in the course of his employment. It was only necessary that he should perform part of his work on the premises in order to bring him within the above mentioned sections of the statute.' The opinion offers no reasons in support of the conclusions stated and we can think of none outweighing those advanced by this court when it reached a contrary conclusion in the case of Rich Hill Coal Co. v. Bashore, supra, and therefore the just cited decisions in the DeNardo case is not approved." 348 Pa. at 334, 335, 35 A. 2d at 414, 415."

Fishel was not known by Sears to be working for Johnson and was never on Sears' premises or any premises occupied or controlled by it, as that phrase has as a matter of constitutional necessity been defined by the courts.

An authorized representative of Sears in a letter to Fishel's counsel sent some months before the claim petition was filed wrote: "Since Mr. Johnson did not

provide Workmen's Compensation coverage, we are accepting the responsibility in accordance with the Pennsylvania Workmen's Compensation statutes." Fishel contends that this was an admission of liability which Sears might not retract. We do not read it as an admission of any fact which would create liability under Section 203 or otherwise. At its best for Fishel, it is a statement of the employer's then belief that the *law* required its acceptance of responsibility.

### ORDER

And now, October 11, 1972, the order of the Pennsylvania Workmen's Compensation Board is reversed and the Claim Petition herein is dismissed.