Perma-Lite of Pennsylvania, Inc. and American States Insurance Company, Insurance Carrier, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Lawrence L. Schott, Respondents.

Argued September 29, 1978, before Judges Men-cer, Rogers and Craig, sitting as a panel of three.

*David M. McCloskey,* with him *Will & Keisling,* for petitioners.

*Michael R. Ford,* with him *Gallagher & Ford,* and *James N. Diefenderfer,* for respondents.

Opinion by Judge Rogers, November 15, 1978:

Perma-Lite of Pennsylvania, Inc. has appealed from an order of the Workmen's Compensation Appeal Board affirming a referee's award of benefits to Lawrence Schott.

Perma-Lite is in the business of contracting for the performance of home remodeling projects. Perma-Lite entered into a contract with the owners to do roof, porch and window repairs on a house in New Castle, Pennsylvania. Perma-Lite then subcontracted

the entire job to one Kenneth Radcliff who, without Perma-Lite's knowledge, employed the claimant, Lawrence Schott, who had worked for Radcliff before, as a so-called siding applicator. On the fourth day of work for Radcliff on the New Castle house, Schott fell from a ladder and was injured. Radcliff had no workmen's compensation insurance.

Schott filed a claim petition for benefits under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq., originally naming only Perma-Lite as his employer. He later amended his petition additionally to name Radcliff as his employer. Radcliff did not file an answer to the petition and took no part in the proceedings before the referee, the Board or this Court.

The referee concluded that Perma-Lite was Schott's statutory employer within the meaning of Section 203 of the Act, 77 P.S. §52. Perma-Lite was ordered to pay total disability benefits to Schott and hospital, medical and legal costs. On appeal, the Workmen's Compensation Appeal Board essentially affirmed the award, amending the referee's decision to add references to Sections 105 and 302(b) of the Act, 77 P.S. §§25 and 462 to the referee's conclusion that Perma-Lite was Schott's statutory employer under Section 203, 77 P.S. §52. Perma-Lite has now appealed to this Court. We reverse.

In order for Perma-Lite, which was not Schott's actual employer, to be responsible, it must be determined to be his statutory employer under Section 203, 77 P.S. §52, which reads:

An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contrac-

tor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe.

In *Fishel v. Sears, Roebuck & Co.*, 6 Pa. Commonwealth Ct. 384, 295 A.2d 345 (1972), we tried to provide a statement of Pennsylvania law on the application of Section 203 and the limitations thereon. There, after a discussion of the constitutional and legislative history of Section 203 and an analysis of the cases, we concluded that Section 203 imposed the liability of an employer, vis-a-vis a worker not actually employed by the person sought to be charged as an employer, only where the putative employer had actual control over the premises where the injury occurred; and that the mere right to control is not sufficient to create a Section 203 statutory employer relationship between a person and one who is not his employe in fact. Since we find *Fishel* to be factually indistinguishable from the case now before us it must control, unless in our study of the law there we misapprehended the teaching of the pertinent Pennsylvania cases.

The Workmen's Compensation Appeal Board concluded that "The issue of *control* turns on the *right* to control, and not on the *physical exercise* of control." (Emphasis in original.) In support of this statement, the Appeal Board relied only on the case of *Annocki v. George Myers Company*, 61 Pa. D. & C. 2d 187 (1973). We believe that that reliance was misplaced because in *Annocki* not only was the prime contractor which was held to be the statutory employer of an injured workman obligated by contract to maintain control over the premises, it actually physically occupied and controlled the premises through supervisory personnel there present. Further, the *Annocki* court specifically distinguished its case from *Fishel v. Sears, Roebuck & Co., supra,* on the factual differences just mentioned.

The Workmen's Compensation Appeal Board further distinguished *Fishel* on the basis of greater volume and variety of business activities of Sears, Roebuck & Co. than those of Perma-Lite. It also declared, apparently by means of quasi-judicial notice, that Sears installs goods in trade only as an incidental service, and contrasted this circumstance with that of Perma-Lite's regular business of soliciting home remodeling projects. We fail to see why the number of enterprises or the volume of business engaged in by the putative statutory employer should have any part in the determination of whether it should, under the law, be held to be within Section 203's definition of a statutory employer.

The appellee contends that our decision in *Fishel, supra* was at best an incomplete statement of Pennsylvania law because that decision did not discuss language in the case of *Girardi v. Lipsett, Inc.*, 275 F.2d 492 (3rd Cir. 1960), which tends to suggest that the mere right to control premises will suffice to establish the statutory employer status. We have now considered *Girardi, supra* and believe it to be distinguishable on the facts and insofar as it states Pennsylvania law, without firm basis of authority. *Girardi, supra* was an appeal to the circuit court by a contractor against whom a judgment on a jury verdict had been rendered in a personal injury suit by a workman employed by another while working on a premises on which the appellant had contracted to do work. The appellant contended that it was not answerable in the personal injury suit because it was a statutory employer under Section 203. The jury had found as a fact (and the finding was not disputed) that the appellant had been negligent and that this negligence contributed to the injuries suffered by the workman. The necessary conclusion to be drawn from this finding is that the appellant had acted or failed to act in

some negligent manner on the premises, which in turn suggests that the appellant had actually occupied or controlled those premises or the work being done there. Furthermore, in *Qualp v. James Stewart Co.*, 266 Pa. 502, 109 A. 780 (1920), the Pennsylvania case upon which the *Girardi* court seems to have based its brief consideration of Section 203, a referee had found that the party held to be a Section 203 statutory employer had actual control over the premises where the claimant employe of a subcontractor was injured.

The appellee also points to language of the opinion of *Hayes v. Philadelphia Transportation Company*, 312 F.2d 522 (3rd Cir. 1963) as authority for the proposition that a right to control the premises will suffice to invoke Section 203. In *Hayes, supra* the Circuit Court of Appeals remanded the record for findings as to whether the alleged statutory employer had either actually occupied or controlled the premises or had the right to do so. The ultimate question of whether the mere right to control was sufficient to fix the defendant as the statutory employer was not reached by the court; the language suggesting that the mere right to control would be sufficient was dictum.

This Court (as are Federal courts) is bound by the interpretation given Pennsylvania statutes by the Pennsylvania Supreme Court. In *D'Alessandro v. Barfield et al.*, 348 Pa. 328, 35 A.2d 412 (1944), it wrote:

> In 1938 we declared this amendment [a former version of Section 203 which clearly attached the responsibility of employer to persons who permitted the employes of others to do work on premises whether or not they were occupied or controlled by the employer] unconstitutional in . . . Rich Hill Coal Company [vs. Bashore,

334 Pa. 449, 7 A.2d 302 (1939)], because we felt then, as we feel now that the General Assembly has no authority to enact a law making an employer liable to the employee of a sub-contractor . . . [employed] on premises remote from the first employer's premises and over which he did not have the slightest control.

348 Pa. at 331-32, 35 A.2d at 413.

The equities as they affect employes, whose interests are to be favored in applying the Workmen's Compensation Act, cut both ways. It seems hard that Schott and others similarly situated should have to pursue their claims against uninsured employers; on the other hand, it seems hard that the injured workman in *Girardi, supra,* and others in his circumstances, should not be able to have the larger recoveries available in actions at law because those whom they sue raise with success the defense of the applicability of the Workmen's Compensation Act. With respect to the latter proposition, we note that the result of the Supreme Court's conclusion in *D'Alessandro, supra,* that the defendant was not a statutory employer was the preservation of a substantial verdict, for those days, in favor of the injured minor plaintiff.

The record shows that Perma-Lite, like Sears in *Fishel,* exercised no actual control over the premises where Radcliff's employe, Schott, was working. For the reasons explained at length in *Fishel,* we are compelled to and do hereby reverse the order of the Appeal Board.

## Order

And Now, this 15th day of November, 1978, the decision of the Workmen's Compensation Appeal Board in the above-captioned matter dated September 2, 1977 is hereby reversed.