Wright Demolition & Excavating Company and Rockwood Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Charles Manuel, Respondents.

480

Argued June 4, 1981, before Judges ROGERS, BLATT and PALLADINO, sitting as a panel of three.

*Frederick C. Trenor, II, Meyer, Darragh, Buckler, Bebenek & Eck,* for appellant.

*M. Lawrence Shields, III, Kratzenberg & Shields, P.C.,* for appellee.

OPINION BY JUDGE BLATT, August 28, 1981:

The appellant, Wright Demolition & Excavating Company, entered into an agreement for the demolition of a restaurant and the removal of debris and equipment therefrom and then subcontracted the actual demolition work to one Melvin Castephany (subcontractor), who hired the claimant, Charles Manuel,

to assist him. The claimant was subsequently totally disabled as a result of a back injury suffered in the course of this employment and he sought workmen's compensation benefits from the appellant, which were granted by a referee who found the appellant to be the claimant's statutory employer under Sections 302(a) and (b) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§461 and 462. The Workmen's Compensation Appeal Board (Board) affirmed the referee and this appeal followed.

The appellant first contends that the Board erred when it held that under Section 302(a) of the Act, 77 P.S. §461,[1] the claimant need not show that the appellant was in control of the premises where the claimant was injured. We must agree. Such a conclusion by the Board ignores the language of Section 302(b) of

---

[1] Section 302(a) of the Act provides:

A contractor who subcontracts all or any part of a contract and his insurer shall be liable for the payment of compensation to the employes of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured its payment as provided for in this act. Any contractor or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from the subcontractor primarily liable therefor.

For purposes of this subsection, a person who contracts with another (1) to have work performed consisting of (i) the removal, excavation or drilling of soil, rock or minerals, or (ii) the cutting or removal of timber from lands, or (2) to have work performed of a kind which is a regular or recurrent part of the business, occupation, profession or trade of such person shall be deemed a contractor, and such other person a subcontractor. This subsection shall not apply, however, to an owner or lessee of land principally used for agriculture who is not a covered employer under this act and who contracts for the removal of timber from such land.

the Act, 77 P.S. §462,[2] and such a result is unacceptable inasmuch as Section 1922(2) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922(2), requires that enactments of the General Assembly be construed in such a way as to make the entire statute effective. We must conclude therefore that the General Assembly intended to provide in Section 302 that an employer would not be liable to pay compensation for injury to an employee of a contractor[3] unless that employer occupied or controlled the premises where the injury occurred.

The appellant also disputes the referee's conclusion that the appellant was the claimant's statutory employer under Section 302(b) of the Act, 77 P.S. §462, because there was no substantial evidence that the appellant had actual control of the workplace.

Although the meaning of "statutory employer" under Section 302(b) of the Act, 77 P.S. §462, has not itself been interpreted, our Supreme Court has construed similar language in Section 203 of the Act, 77 P.S. §52, and has required five elements to be shown:

[2] Section 302(b) of the Act provides:

Any employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of such employer's regular business entrusted to that employe or contractor, shall be liable for the payment of compensation to such laborer or assistant unless such hiring employe or contractor, if primarily liable for the payment of such compensation, has secured the payment thereof as provided for in this act. Any employer or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from another person if the latter is primarily liable therefor.

[3] Section 105 of the Act, 77 P.S. §25, defines the term "contractor" in Section 302(b) of the Act, 77 P.S. §462, also to include subcontractors.

(1) An employer who is under contract with an owner or one in the position of an owner. (2) Premises occupied by or under the control of such employer. (3) A subcontract made by such employer. (4) Part of the employer's regular business intrusted to such subcontractor. (5) An employee of such subcontractor.

*McDonald v. Levinson Steel Co.*, 302 Pa. 287, 295, 153 A. 424, 426 (1930) ; *Nineteen North, Inc. v. Workmen's Compensation Appeal Board*, 48 Pa. Commonwealth Ct. 208, 409 A.2d 503 (1979). Furthermore, *actual* control must be demonstrated and a showing that there was simply a *right* to control is insufficient. *Perma-Lite of Pennsylvania v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 481, 393 A.2d 1082 (1978). We agree with the referee and the parties that these criteria are equally applicable to Section 302(b), 77 P.S. §462.

The referee here found that the subcontractor and his employees, including the claimant, began demolishing the restaurant concerned here on February 11, 1976 and the employees of the appellant drove its truck onto the premises on the same day and removed certain air conditioning units which had been taken out of the building. He also found that the appellant entered onto the premises after completion of the demolition work and removed steel and other material which had been left there. These findings are undisputed. We must therefore determine whether or not such conduct amounts to actual control by the appellant over the premises in question.[4]

In *Fishel v. Sears, Roebuck & Co.*, 6 Pa. Commonwealth Ct. 384, 295 A.2d 345 (1972), Sears had sold and agreed to install a number of aluminum awnings

---

[4] No question has been raised as to the existence of the four other elements of the test.

for an apartment house and such installation was subcontracted to a third party. An employee of the subcontractor was subsequently injured and this Court held that Sears was not the statutory employer under Section 203 of the Act, 77 P.S. §52, because the claimant "was not known by Sears to be working for [the subcontractor] and was never on Sears' premises or any premises occupied or controlled by it. . . ." *Fishel, supra* at 391, 295 A.2d at 349.

In *Perma-Lite of Pennsylvania, Inc. v. Workmen's Compensation Appeal Board, supra* at 487, 393 A.2d at 1084, we held that Perma-Lite was not the statutory employer because, again, it "exercised no actual control over the premises where [the subcontractor's] employe . . . was working."

We believe, however, that the case before us is distinguishable. Both Sears and Perma-Lite had subcontracted the entire job and had never entered onto the workplace. Here, the appellant subcontracted only a portion of the work to be done—the destruction of the building—and retained responsibility for the remainder of the project, which was the removal of equipment and debris. Moreover, the appellant *entered onto the property* while the work was in progress and removed air conditioner units which were there. Such conduct goes beyond a mere right to control the premises and constitutes an exercise of actual control and dominion over the workplace. We believe, therefore, that the appellant was the statutory employer of the claimant under Section 302(b) of the Act, 77 P.S. §462.

We will affirm the order of the Board granting benefits, but, inasmuch as the referee did not determine the exact amount of medical and hospital expenses to which the claimant is entitled, we will remand the matter to the Board for a computation of those sums.

## ORDER

AND NOW, this 28th day of August, 1981, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed and

It Is Further Ordered that judgment be entered in favor of Charles Manuel, the claimant, against Ernest Wright, trading and doing business as Wright Demolition and Excavation, and/or Rockwood Insurance Company, in the amount of $133.34 per week for the period beginning February 12, 1976 and continuing thereafter under the provisions of the Workmen's Compensation Act.

Out of the sums due to the claimant, M. Lawrence Shields, III, Esquire, shall receive 20% thereof for services as the claimant's counsel.

Interest shall be paid in accordance with law.

In addition, claimant's counsel shall be reimbursed for the following costs:

| | |
|---|---|
| Divine Providence Hospital—medical records | $ 9.00 |
| Allegheny General Hospital—medical records | $ 13.00 |
| David Q. Steele, M.D.,—medical report | $ 75.00 |
| Dial Detective Agency—investigation and service of subpoenas | $152.00 |
| Schock Reporting Service, Inc.—transcript of deposition of David Q. Steele, M.D., | $ 74.83 |
| David Q. Steele, M.D., | $100.00 |
| Transcript of hearing | $139.00 |
| Transcript of hearing | $ 18.00 |
| Transcript of hearing | $ 38.00 |
| Transcript of hearing | $130.00 |
| Total | $748.83 |

And It Is Further Ordered that this case be remanded to the Workmen's Compensation Appeal Board for computation of such other medical and hospital expenses incurred by the claimant due to his work-related injury which are fair and reasonable.