613 A.2d 640

**ARMAK–AKZONA, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (NAYLOR), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 3, 1992.

Decided Aug. 4, 1992.

544

Peter J. Weber, for petitioner.

S. Richard Klinges, III, for respondent.

Before DOYLE, and McGINLEY, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

This is a petition for review by Armak–Akzona (Employer) of an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision to grant Florence Naylor (Claimant) fatal claim benefits for the death of her husband Mahlon Naylor (Decedent) due to an occupational disease.

The Employer raises a sole issue in this appeal: whether Claimant has met her burden of proving exposure of Decedent to the occupational hazard of asbestos after June 30, 1973, as required by Section 301(c)(2) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(2). Our scope of review is limited to a determination of whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact are supported by substantial evidence. *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services)*, 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990).

The Decedent worked in maintenance at Kessler Chemical Company (now Armak–Akzona) from 1954 until 1978. His job involved insulating stills and reactors with asbestos, among other duties. Decedent filed a claim petition in December of 1978. Pursuant to a Notice of Compensation Payable issued December of 1978, Employer's insurance company made bi-weekly payments of $213.00 until the time of his death, August 18, 1984, for disability due to asbestosis. Claimant filed a fatal claim petition in January of 1985, alleging that Decedent's death was the result of work-related asbestosis. Employer denied liability.

The referee concluded that Claimant sustained her burden of proving by substantial competent evidence that her husband died as a result of cardio-pulmonary arrest with work-related asbestosis as a substantial contributing factor. The referee also found that Employer accepted liability for Decedent's asbestosis through the filing of the Notice of Compensation Payable. Referee's Decision, May 9, 1989, Finding of Fact (F.F.) No. 7. The referee granted Claimant's petition, and the Board affirmed, citing testimony from Claimant's medical witness and from a co-worker as ample evidence to establish that the Decedent was exposed to asbestos when he worked at Kessler and that his asbestosis was a substantial contributing factor to his death.

■ A claimant must establish that decedent's death resulted "in whole or in part" from an occupational exposure to the hazard after June 30, 1973. Section 301(c)(2) of the Act, 77 P.S. § 411(2). Where there are multiple causes of death and the immediate cause is non-compensable, the requirements of Section 301(c)(2) may be met by establishing through unequivocal medical evidence that the deceased suffered from an occupational disease and that it was a substantial contributing factor among the secondary causes of death. *Kusenko v. Republic Steel Corp.*, 506 Pa. 104, 484 A.2d 374 (1984).

■ Res judicata does not bar a widow from recovering fatal claim benefits where her deceased husband had been denied lifetime benefits based on the same injuries; we have

recognized that a widow's right to compensation is a separate cause of action and also that there is no identity of parties. *J & L Steel Corp. v. Workmen's Compensation Appeal Board (Jones),* 145 Pa.Commonwealth Ct. 201, 602 A.2d 912 (1992).

Employer contends that Claimant has failed to meet her burden in this independent fatal claim petition of showing by substantial evidence that the Decedent was exposed to asbestos at work after June 30, 1973. Substantial evidence is correctly defined as " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 275, 501 A.2d 1383, 1387 (1985) (quoting *Murphy v. Department of Public Welfare,* 85 Pa.Commonwealth Ct. 23, 29, 480 A.2d 382, 386 (1984)).

Employer issued a Notice of Compensation Payable in December of 1978, which Claimant introduced into evidence. The Supreme Court has held, in the context of a petition to terminate compensation, that a Notice of Compensation Payable constitutes an admission of the facts necessary to establish eligibility. *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.),* 502 Pa. 178, 465 A.2d 969 (1983). The Act provides that an employer may challenge a Notice of Compensation Payable or agreement on the grounds of mistake. Section 413 of the Act, 77 P.S. § 771. The burden is on the employer to prove the error.

In the present case, Employer does not contend that the Notice of Compensation Payable was issued mistakenly. Although the death benefit claim is independent and not conditioned on any right possessed by the employee at the time of death, by introducing the Notice of Compensation Payable in her fatal claim petition Claimant established the same admission, which necessarily included exposure after June 30, 1973. This conclusion does not conflict with the holding in *J & L Steel Corp.,* which held that a claimant's fatal claim petition is not barred by a denial of the husband's petition for lifetime benefits.

In addition Claimant presented the testimony of Martin Braam, an employee at Kessler Chemical Company from 1955 until 1965. He described Decedent's exposure to asbestos in the course of his job duties. Notes of Testimony (N.T.) December 15, 1987, at 7–9; Reproduced Record (R.R.) at 40a–43a. Employer contends that this is insufficient to establish Decedent's exposure after June 30, 1973. Claimant testified, without objection, that Decedent's job duties did not change over the twenty-four-year period he worked at Kessler. N.T. September 11, 1985, at 8; R.R. at 8. We have held that if circumstantial evidence is based upon a solid factual foundation, reasonable and logical inferences may be made where it is impossible to do so by other means. *Pfizer v. Workmen's Compensation Appeal Board (Gresham)*, 130 Pa.Commonwealth Ct. 319, 323 n. 1, 568 A.2d 286, 288 n. 1 (1989).

We note that Employer has not attempted to rebut Claimant's evidence that Decedent was regularly exposed to asbestos from the time he was hired and that his job duties did not change until he was separated in 1978. In our view, Claimant has presented substantial testimonial evidence to support a finding that Decedent was exposed after June 30, 1973.

■ We also note that Claimant has successfully proved that exposure to an occupational disease was a substantial contributing factor in Decedent's death. Claimant's burden under Section 301(c)(2) requires that medical testimony must be unequivocal in establishing the existence of the occupational disease as well as the causal connection between disease and death. *Kusenko*, 506 Pa. at 107, 484 A.2d at 376. Here, Claimant presented the testimony of Dr. Harry Shubin, who testified that Decedent's occupational exposure to asbestos was a substantial contributing factor in Decedent's death. Deposition of Harry Shubin, M.D., April 7, 1987, at 30–31; Supplemental Reproduced Record at 33b–34b.

Employer presented the testimony of Paul Epstein, M.D., a specialist in internal medicine. Dr. Epstein opined that the Decedent's death was a result of primary cardiac disease in the form of cardiac arrythmias. Deposition of Paul Epstein, M.D., July 5, 1988, at 25; R.R. at 82a. Dr. Epstein also

testified that in his professional opinion Decedent's exposure to asbestos was unconnected to his death. *Id.* at 23; R.R. at 80a.

Credibility determinations are within the exclusive province of the referee in a workers' compensation proceeding. *Boehm,* 133 Pa.Commonwealth Ct. at 461, 576 A.2d at 1164. Here, the referee accepted the testimony of Dr. Shubin as competent, credible, persuasive and unequivocal. She rejected the testimony of Dr. Epstein. F.F. No. 2. Once credited by the referee, Dr. Shubin's testimony provides substantial evidence that asbestosis was a substantial contributing factor in Decedent's death.

Accordingly, we affirm the decision of the Board.

## ORDER

AND NOW, this 4th day of August, 1992, the order of the Workmen's Compensation Appeal Board at No. A89–1454, dated June 24, 1991, is affirmed.