**John DELICH, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (Larry LYONS d/b/a Lyon's Hardwoods), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 5, 1995.

Decided July 19, 1995.

Steven R. Wolf, for petitioner.

Wendy K. Ligo, for respondent.

Before COLINS, President Judge, and NEWMAN, J., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

John Delich (Delich) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) reversing the decision of the referee that Larry Lyons d/b/a Lyon's Hardwoods (Lyons) was a statutory contractor and liable for compensation under the provisions of The Pennsylvania Workmen's Compensation Act[1] (Act).

The facts are not in dispute and are summarized as follows. Delich worked as a logging equipment operator for a timber harvesting business owned by Robert Stock (Stock). Lyons had contracted with Stock to harvest timber which Lyons had purchased from a third party. On July 11, 1991, Delich was harvesting Lyons's timber when he was injured during the course and scope of his

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

employment when he was attacked by hornets and forced to jump off a skidder[2] fracturing his leg in the process. Delich filed a claim petition against Robert Stock (Stock) on March 23, 1992 and a claim petition against Lyons on March 25, 1992.

On March 19, 1993, the referee issued a decision and order which granted both of Delich's claim petitions. In so doing, the referee concluded, pursuant to Section 302(a) of the Act, 77 P.S. § 461, that Lyons, as a statutory contractor, was liable for the payment of compensation to all employees of Stock, his statutory subcontractor, since Stock is neither self-insured nor insured as required by the Act.[3] (Conclusions of Law Nos. 2 and 5, R.R. 295a–296a.) The referee's order, amongst other things[4], directed that Lyons shall be liable for paying the workmen's compensation benefits due Delich and that Lyons shall be entitled to recover from Stock all amounts paid to or on behalf of Delich related to his workmen's compensation claim.

Lyons and Stock both appealed the referee's decision to the Board. After oral argument, the Board by order of November 22, 1994, reversed the decision of the referee holding that Lyons was liable for payment of compensation benefits to Stock. The Board further ordered that the decision of the referee is otherwise affirmed and that Stock is liable for the compensation awarded.[5] It is from this order of the Board exculpating Lyons from liability for the compensation awarded that Delich petitions for review.

The Board, relying on this Court's decision in *Wright Demolition & Excavating Company v. Workmen's Compensation Appeal Board,* 61 Pa.Commonwealth Ct. 479, 434 A.2d 232 (1981), concluded that Lyons may not be held liable under Section 302(a) of the Act, 77 P.S. § 461, since there was no evidence presented to establish that the premises were either occupied by or under the actual control of Lyons. Delich contends that Section 302(a) of the Act, 77 P.S. § 461, does not require that the contractor be an occupier or in control of the premises where its subcontractor's employee is injured and as a result thereof, the Board erred, as a matter of law, in requiring him to demonstrate the same in order for Lyons to be liable as a statutory contractor.[6] Section 302(a) of the Act provides, in relevant part, as follows:

A contractor who subcontracts all or any part of a contract and his insurer shall be liable for the payment of compensation to the employes of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured its payment as provided for in this act. Any contractor or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from the subcontractor primarily liable therefor.

*For purposes of this subsection, a person who contracts with another (1) to have work performed consisting of ... (ii) the cutting or removal of timber from lands, ... such person shall be deemed a con-*

**2.** A skidder is a four wheel drive machine used to drag fallen logs out of the woods. (R.R. 18a.)

**3.** *See* Section 305 of the Act which provides, in pertinent part, as follows:

Every employer liable under this act to pay compensation shall insure the payment of compensation in the State Workmen's Insurance Fund, or in any insurance company, or mutual association or company, authorized to insure such liability in this Commonwealth, unless such employer shall be exempted by the department from such insurance.
77 P.S. § 501.

**4.** The referee's order also directed that Lyons was not only to pay future compensation but all past due compensation plus interest, Delich's at-

torney's fees calculated at a rate of 20% of the compensation, Delich's bill of costs, all unpaid medical bills and expenses, as well as the liens of the Pennsylvania Blue Cross and Blue Shield with 20% of the lien paid to Delich's attorney as his fee. (R.R. 297a.)

**5.** Stock did not appeal the Board's order of November 22, 1994.

**6.** Our scope of review is limited to a determination of whether constitutional rights have been violated, errors of law have been committed, or necessary findings of fact are unsupported by substantial evidence. *Carrier Coal Enterprises v. Workmen's Compensation Appeal Board (Balla),* 118 Pa.Commonwealth Ct. 201, 544 A.2d 1111 (1988).

*tractor, and such other person a subcontractor. . . .* (Emphasis added.) 77 P.S. § 461. While Section 302(a) of the Act does not set forth the specific requirement that the contractor be an occupier or in control of the premises where its subcontractor's employee is injured in order for the contractor to be liable for compensation, Section 302(b) of the Act, does provide as follows:

> *Any employer who permits the entry upon premises occupied by him or under his control* of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of such employer's regular business entrusted to that employe or contractor, shall be liable for the payment of compensation to such laborer or assistant unless such hiring employe or contractor, if primarily liable for the payment of such compensation, has secured the payment thereof as provided for in this act. Any employer or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from another person if the latter is primarily liable therefor.
>
> For purposes of this subsection (b), the term "contractor" shall have the meaning ascribed in section 105 of this act.[1] (Footnote omitted.) (Emphasis added.)

77 P.S. § 462.

In *Wright,* this Court determined that the Board therein erred when it held that under Section 302(a) of the Act, 77 P.S. § 461, the claimant need not show that the appellant was in control of the premises where the claimant was injured. 61 Pa.Commonwealth Ct. at 481, 434 A.2d at 233. In so doing, the *Wright* court concluded that such a conclusion by the Board ignores the language of Section 302(b) of the Act, 77 P.S. § 462, and as such is an unacceptable result inasmuch as Section 1922(2) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(2), requires the enactments of the General Assembly to be construed in such a way as to make the entire statute effective. *Id.* at 481–482, 434 A.2d at 233–234. The *Wright* court therefore concluded that the General Assembly intend-

ed to provide in Section 302 of the Act that an employer would not be liable to pay compensation for injury to an employee of a contractor [7] unless that employer occupied or controlled the premises where the injury occurred. *Id.* at 482, 434 A.2d at 234.

The initial question presented for our review is whether or not the Board erred in applying this Court's decision in *Wright* to the facts herein. We begin by noting that in *Wright,* the referee concluded that the appellant was the claimant's statutory employer under both Sections 302(a) and 302(b) of the Act, 77 P.S. §§ 461 and 462. In the instant case, the referee only determined that Lyons is a statutory employer under Section 302(a) of the Act, 77 P.S. § 461. Additionally, *Wright* did not, as here, involve the cutting or removal of timber from lands, but rather involved the demolition of a restaurant and the removal of debris and equipment therefrom. 61 Pa.Commonwealth Ct. at 480, 434 A.2d at 233. As result of the factual circumstances presented in *Wright,* the Court apparently did not concern itself with the specific language of Section 302(a) of the Act which provides, in pertinent part, that

> *[f]or purposes of this subsection, a person who contracts with another (1) to have work performed consisting of . . . (ii) the cutting or removal of timber from lands, . . . such person shall be deemed a contractor, and such other person a subcontractor. . . .* (Emphasis added.)

77 P.S. § 461. Consequently because *Wright* is factually dissimilar for the instant case, it is not controlling herein.

■ In determining legislative intent, sections of a statute must be read together and construed with reference to the entire statute. 1 Pa.C.S. § 1921(a); *Snyder v. Department of Transportation,* 64 Pa.Commonwealth Ct. 599, 441 A.2d 494 (1982). However, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it may not be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b); *Zimmerman v. O'Bannon,* 497 Pa. 551, 442 A.2d 674 (1982). Additionally, where, as here, the legislature includes specific lan-

---

7. Section 105 of the Act, 77 P.S. § 25, defines the term "contractor" in Section 302(b) of the Act, 77 P.S. § 462, to also include subcontractors.

guage in one section of a statute (77 P.S. § 462) and excludes it from another (77 P.S. § 461), it should not be implied where excluded. *Patton v. Republic Steel Corporation,* 342 Pa.Superior Ct. 101, 492 A.2d 411 (1985).

■ Pursuant to Section 302(a) of the Act, 77 P.S. § 461, Lyons is, as a matter of law, a contractor liable to pay compensation regardless of whether or not he occupied or was in control of the premises where the subcontractor's employee was injured. To require the imposition of an additional requirement incident to Section 302(b), 77 P.S. § 462, would not only ignore the clear and unambiguous language of Section 302(a) of the Act, 77 P.S. § 461, but also render it meaningless.

Accordingly, the order of the Board will be reversed and the order of the referee will be reinstated.

### ORDER

AND NOW, this 19th day of July, 1995, the order of the Workmen's Compensation Appeal Board is reversed and the order of the referee dated March 19, 1993, is reinstated.

