Jerry LEIBENSPERGER, Petitioner,

v.

WORKERS' COMPENSATION APPEAL BOARD (THOMAS H. LEWIS BUILDERS, INC.), Respondent.

Commonwealth Court of Pennsylvania.

Submitted Aug. 16, 2002.

Decided Dec. 20, 2002.

Leo P. Jackson, Stroudsburg, for petitioner.

Paul C. Cipriano, Jr., Philadelphia, for respondent.

BEFORE: COLINS, President Judge, SMITH–RIBNER, Judge, and COHN, Judge.

OPINION BY Judge SMITH–RIBNER.

Jerry Leibensperger (Petitioner) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) concluding that Thomas H. Lewis Builders, Inc. (Respondent) was not a statutory employer for purposes of assigning liability for the payment of workers' compensation. Petitioner raises two issues: whether the Board erred in determining that Respondent was not a statutory employer, when Respondent assumed responsibility for the construction project, monitored the pace of the subcontractors' work, urged the subcontractors to complete their work and directed workers to remove debris from the worksite; and whether the Board erred in affirming the WCJ's final decision when the WCJ declined to apply Section 302(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 461, as interpreted by *Delich v. Workmen's Compensation Appeal Board (Lyons)*, 661 A.2d 936 (Pa. Cmwlth.1995).

In April 1996 Petitioner began working as a siding mechanic for Sebastian Lavalle d/b/a SOS Construction. Mr. Lavalle often did subcontracting work for Thomas H. Lewis who is the owner and sole employee of Respondent, a contracting firm that builds residential homes. On February 16, 1997, Mr. Lavalle instructed Petitioner to pick up some building materials and to commence work on a house being built by Respondent. On Saturday, February 22, 1997, Petitioner fell off some scaffolding while installing soffit and fascia, seriously injuring himself. At the time of Petitioner's accident, Mr. Lavalle had no workers' compensation insurance. Petitioner filed a claim petition, alleging that Respondent was his statutory employer and thus was liable for the payment of workers' compensation benefits.

At the hearing, Petitioner testified that Mr. Lewis visited the worksite each day from February 17 through 21, 1997 urging the workers to accelerate the pace of work. Petitioner stated that several subcontractors worked on the house simultaneously and that although he saw Mr. Lewis speaking to many of them, he never saw Mr. Lewis doing any work. On cross-examination, Petitioner acknowledged that Mr. Lewis did not direct his work, nor to Petitioner's knowledge did Mr. Lewis direct the other subcontractors' workers. Mr. Lavalle paid Petitioner and supplied the tools and equipment used at the worksite. Petitioner stated that Mr. Lewis did not visit the worksite on the date of the injury.

Mr. Lewis testified that Mr. Lavalle had performed subcontracting work for him on several occasions. Although a general contractor, Mr. Lewis testified that he is not a master of any building trade, that he does none of the labor on a project and that he subcontracts all of the work. Mr. Lewis further testified that he does not tell subcontractors how or when to work but instead acts as a project manager, coordinating the subcontractors' work so that the

project is completed in a timely manner. He confirmed that he does not provide any of the tools or equipment used by the subcontractors and that he does not set work hours. Mr. Lewis acknowledged that he visited the construction site on weekdays but not on weekends, and he noted that he did not have an office at the site. On cross-examination, Mr. Lewis stated that he spoke to Petitioner once to ask him if the work was proceeding satisfactorily and that he did not tell Petitioner to work the Saturday on which he was injured. Although he did not direct the work of subcontractors' employees, Mr. Lewis acknowledged that he would speak to a worker when he or she was working in an unsafe manner or when using improper or substandard building materials. He also acknowledged directing workers to remove debris from the worksite.

The WCJ denied Petitioner's claim petition, concluding that because Respondent did not exercise actual control over the construction site, Respondent was not a statutory employer. The Board vacated the decision and remanded with instructions for the WCJ to reexamine the claim consistent with the principles stated in *Delich*, in which the Court held that in cases involving cutting or removal of timber from land Section 302(a) of the Act did not require the contractor to occupy or exercise actual control over the premises in order to qualify as a statutory employer. In a second opinion, the WCJ again denied Petitioner's claim, concluding that *Delich* did not apply to the facts of Petitioner's case and that Respondent did not exercise actual control over the construction site.

The Board applied the standards for determining whether a contractor may be deemed a statutory employer under Section 302(b) of the Act, 77 P.S. § 462, and under *McDonald v. Levinson Steel Co.,* 302 Pa. 287, 153 A. 424 (1930). The Board affirmed because Petitioner failed to satisfy his burden of proof.[1]

 To qualify as a statutory employer under the *McDonald* test, an employer must meet the following criteria: (1) the employer is working under a contract with the premises' owner; (2) the premises are occupied or under the control of the employer; (3) the employer has contracted with a subcontractor to do work; (4) part of the employer's regular work is entrusted to the subcontractor; and (5) the injured person is the subcontractor's employee. In addition, Section 302(b) of the Act provides in pertinent part:

> Any employer who permits the entry upon premises *occupied by him or under his control* of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of such employer's regular business entrusted to that employe or contractor, shall be liable for the payment of compensation to such laborer or assistant unless such hiring employe or contractor, if primarily liable for the payment of such compensation, has secured the payment thereof as provided for in this act. (Emphasis added.)

The only element of the *McDonald* test and of Section 302(b) involved here is whether Respondent occupied or controlled the construction site. Because Pe-

**1.** This Court's review is limited to determining whether there has been a violation of constitutional rights, whether an error of law has been committed, and whether necessary findings of fact are supported by substantial evidence. *Bush v. Workers' Compensation Appeal Board (Swatara Coal Co.)*, 802 A.2d 679 (Pa.Cmwlth.2002). In workers' compensation proceedings the WCJ is the ultimate fact finder, and the WCJ has sole authority to assess witness credibility and to resolve conflicts in the testimony. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992).

titioner does not contend that Respondent occupied the construction site, Petitioner must demonstrate that Respondent exercised actual control over the site; it is not sufficient to show that Respondent merely had the right or authority to control the site. *Wright Demolition & Excavating Co. v. Workmen's Compensation Appeal Board,* 61 Pa.Cmwlth. 479, 434 A.2d 232 (1981).

█ Petitioner argues that he need not show that Respondent exercised control over the construction site and instead relies on Section 302(a) of the Act.

A contractor who subcontracts all or any part of a contract and his insurer shall be liable for the payment of compensation to the employes of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured its payment as provided for in this act. Any contractor or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from the subcontractor primarily liable therefor.

For purposes of this subsection, a person who contracts with another (1) to have work performed consisting of (i) the removal, excavation or drilling of soil, rock or minerals, or (ii) the cutting or removal of timber from lands, or (2) to have work performed of a kind which is a regular or recurrent part of the business, occupation, profession or trade of such person shall be deemed a contractor, and such other person a subcontractor.

Petitioner maintains that the foregoing language mandates a finding of liability on the part of Respondent as a statutory employer because Respondent subcontracted work to Petitioner's employer, which was a regular and recurrent part of Respondent's business, and Petitioner was injured while working and his employer had no insurance. Petitioner argues that *Delich* applies despite the Court's holding in that case that Section 302(a) governed the outcome as opposed to Section 302(b), which imposed an additional requirement that a contractor occupy and control the premises where a claimant was injured.

In *Delich* a business operating as Lyons Hardwoods contracted with a timber harvesting business to harvest timber that Lyons had purchased from a third party. The Board reversed the referee's decision holding Lyons liable for payment of compensation to Delich, who was injured while performing harvesting work for the uninsured subcontractor. This Court reversed the Board and concluded that under Section 302(a) of the Act Lyons was liable as a matter of law as a contractor for the payment of compensation to the injured employee. The Court concluded that Section 302(a) applied because the case involved the cutting or removal of timber from lands, and, therefore, Lyons was liable regardless of whether it occupied or was in control of the premises where the employee was injured. The present case before the Court does not involve the cutting or removal of timber from lands and, consequently, Section 302(a) cannot be applied to determine whether Lewis Builders was liable as the statutory employer of Petitioner.

The Court declines Petitioner's request that it extend the *Delich* holding to the relationship of the contractor and subcontractor in this case inasmuch as Section 302(b) of the Act governs that relationship. Contrary to Petitioner's assertions, it is settled beyond all doubt that an employer will not be deemed a statutory employer unless the employer meets the requirements set forth in Section 302(b) of the Act and in *McDonald. See also Gann v. Workers' Compensation Appeal Board*

*(MBS Management/Wellington East Development)*, 792 A.2d 701 (Pa.Cmwlth. 2002) (findings of fact supported holding that property management company was liable for payment of compensation as statutory employer where all elements of *McDonald* test and Section 302(b) were satisfied).

■ Petitioner next argues in any event that Respondent did exercise actual control over the construction site when Mr. Lewis took responsibility for the successful completion of the building project, urged workers to complete their work in a timely manner and sometimes directed workers to remove debris from the worksite. In the past actual control has been found when contractors performed work at a worksite or actively directed the work of subcontractors. *See, e.g., Emery v. Leavesly McCollum*, 725 A.2d 807 (Pa.Super.1999) (court found actual control when contractor had an on-site superintendent overseeing project); *Wright Demolition & Excavating Co.* (actual control found when general contractor subcontracted demolition work but removed debris and equipment from site).[2]

The Court must conclude that Respondent's minimal activities at the construction site, when compared to the degree of control exercised by employers in the cases cited, did not rise to the level of actual control. Despite daily visits to the site, Respondent did not perform any work or maintain supervisory personnel there, did not control access to the site, did not set work hours and, with the exception of directions to remove debris, did not direct the workers' tasks. Respondent's degree of control did not rise even to the minimal level of actual control found to exist in

*Wright Demolition & Excavating Co.* under Section 302(b) of the Act based only on the general contractor's removal of debris and air-conditioning equipment from the worksite. Finding no error of law, the Court affirms the order of the Board.

### *ORDER*

AND NOW, this 20th day of December 2002, the order of the Workers' Compensation Appeal Board is hereby affirmed.

---

**2.** *See also McGrail v. Workmen's Compensation Appeal Board (County of Lackawanna)*, 145 Pa.Cmwlth.595, 604 A.2d 1109 (1992) (county found to be in actual control of part of private resort when county supervisor directed electrician to perform work resulting in electrician's injury).