**SIX L'S PACKING COMPANY and its claims administrator, Broadspire Services, Inc., Petitioners**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (WILLIAMSON), Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 18, 2010.

Decided July 23, 2010.

Sharolyn L. Murphy, Philadelphia, for petitioner, Six L's Packing Company.

Jeffrey L. Zeitz, Philadelphia, for respondent.

BEFORE: PELLEGRINI, Judge, LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Six L's Packing Company (Six L) petitions for review from an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) that granted a Claim Petition filed against it by Kevin Williamson (Claimant). We affirm.

Six L owned fields upon which tomatoes were grown, a warehouse where they were packed and processing centers to which the tomatoes were delivered. F. Garcia & Sons Harvesters, Inc. (Garcia & Sons) contracted with Six L to provide certain services including the harvesting and hauling of tomatoes. Claimant worked for Garcia & Sons as a truck driver. He was involved in a motor vehicle accident on August 22, 2002 while transporting tomatoes.

Claimant filed a Claim Petition on June 18, 2004 against Garcia & Sons. He listed the insurer/third party administrator as unknown. He alleged that as a result of his motor vehicle accident, he sustained a closed head injury, multiple cerebral hemorrhages, cognitive changes, shoulder and right leg trauma. He sought ongoing total disability benefits. Claimant filed a second Claim Petition concerning the same incident against Six L listing American Protection Insurance Company as its insurer/third party administrator. Six L filed a timely answer to the Claim Petition filed against it. No answer was filed by Garcia & Sons. Garcia & Sons did not participate in the underlying litigation.[1]

Claimant testified that he was employed by Garcia & Sons as a truck driver and he was responsible for hauling tomatoes from Shickshinny, PA to a facility in Crisfield, MD. According to Claimant, he had a conversation with another employee about making sure he was placed on an insurance policy for workers' compensation purposes. Following this conversation, per Claimant, he had a discussion with Fortuno Garcia, the owner of Garcia & Sons, about being put on a workers' compensation policy. He understood that based on this conversation, Fortuno Garcia was going to have him insured through Six L.

Claimant was involved in his motor vehicle accident while en route to Crisfield, MD. He sustained multiple disabling injuries. According to Claimant, following his injury, Fortuno Garcia conceded that he never followed through on Claimant's request that he be put on a workers' compensation policy.

Claimant submitted a copy of a Farm Labor Contract entered into between Paragon Produce, Inc., a.k.a. Six L, referred to as Agricultural Employer, and Garcia & Sons, referred to as Farm Labor Contractor. That contract states, in part:

5. *Duties of Farm Labor Contractor*

  5.1 *Responsibility for Laborers*

    5.1.1 FARM LABOR CONTRACTOR shall employ his/her own employees and shall be responsible for all social security, workers' compensation, liability insurance, unemployment insurance . . .

  5.2 *Compliance with Laws.* FARM LABOR CONTRACTOR shall . . . comply with all federal, state, and local laws, ordinances, rules, regulations and orders of any public authority bearing on the performance of work for AGRICULTURAL EMPLOYER . . .

  5.4 *Insurance . . .* FARM LABOR CONTRACTOR further agrees to maintain at its sole cost and expense any workers' compensation coverage for its laborers if required by state law. *Upon request of AGRICULTURAL EMPLOYER, FARM LABOR CONTRACTOR shall provide AGRICULTURAL EMPLOYER with copies of all insurance policies, including the declaration pages thereto.*

10. *Payroll Service* AGRICULTURAL EMPLOYER has a computerized payroll system, and as a service to FARM

---

1. Claimant later amended his claim to include a left knee injury and a claim for disfigurement.

LABOR CONTRACTOR, is willing to process FARM LABOR CONTRACTOR's payroll. If FARM LABOR CONTRACTOR accepts this service by signing the Acceptance at the end of this Contract, AGRICULTURAL EMPLOYER will be responsible for preparing payroll checks for employees of FARM LABOR CONTRACTOR ... *AGRICULTURAL EMPLOYER will also assume responsibility and, as a service to FARM LABOR CONTRACTOR, make payments of unemployment insurance, workers' compensation, withholdings taxes, social security taxes and/or other deductions of employees of FARM LABOR CONTRACTOR.* (Emphasis added).

R.R. at 53a–59a.

This Farm Labor Contract was executed April 30, 2002. A representative for Garcia & Sons signed the Acceptance provision for the payroll services of Section 10 of the agreement.

On August 4, 2004, Six L presented a Motion to Dismiss the Claim Petition filed against it. On March 10, 2005, the WCJ issued an interlocutory order wherein he denied Six L's Motion to Dismiss. He concluded that Claimant was an employee of Garcia & Sons, not an independent contractor. The WCJ further concluded Six L was Claimant's statutory employer under Section 203 of the Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 52, and was liable for any benefits that may be due Claimant consistent with Section 302 of the Act, 77 P.S. §§ 461–462.[2] The WCJ relied on the seminal case of *McDonald v. Levinson Steel Co.,* 302 Pa.

---

2. Section 203 of the Act provides:

An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employee.

77 P.S. § 52.

Section 203 bestows immunity from tort liability onto a statutory employer. *Vandervort v. Workers' Compensation Appeal Board (City of Phila.),* 899 A.2d 414 (Pa.Cmwlth. 2006).

Section 302 of the Act states as follows:

(a) A contractor *who subcontracts all or any part of a contract* and his insurer shall be liable for the payment of compensation to the employes of the subcontractor *unless the subcontractor primarily liable for the payment of such compensation has secured its payment as provided for in this act.* Any contractor or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from the subcontractor primarily liable therefor.

*For purposes of this subsection, a person who contracts with another (1) to have work performed consisting of (i) the removal, excavation or drilling of soil, rock or minerals, or (ii) the cutting or removal of timber from lands, or (2) to have work performed of a kind which is a regular or recurrent part of the business, occupation, profession or trade of such person shall be deemed a contractor,* and such other person a subcontractor. This subsection shall not apply, however, to an owner or lessee of land principally used for agriculture who is not a covered employer under this act and who contracts for the removal of timber from such land.

(b) Any employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of such employer's regular business entrusted to that employe or contractor, shall be liable for the payment of compensation to such laborer or assistant *unless such hiring employe or contractor, if primarily liable for the payment of such compensation, has secured the payment thereof as provided for in this act.* Any employer or his insurer who shall become liable hereunder for such compensation may recover the amount

287, 153 A. 424 (1930), which held that to qualify as a statutory employer, (1) the employer must be working under a contract with the premises owner; (2) the premises must be occupied or under the control of the employer; (3) the employer has contracted with a subcontractor to do work; (4) part of the employer's regular work is entrusted to the subcontractor; and (5) the injured person is the subcontractor's employee. The WCJ found these factors were satisfied.

Subsequent to the March 10, 2005 Interlocutory Order, Six L asserted that recent case law necessitated that the WCJ revisit the issue of whether it was Claimant's statutory employer.[3] It contended that the appropriate analysis to determine liability is that of a "borrowed employee," not the "statutory employer" analysis conducted by the WCJ. It requested that it be afforded the opportunity to develop testimony from David Garcia. The WCJ issued an interlocutory order on February 23, 2006, wherein he reserved ruling on whether the newly presented precedent affected his prior interlocutory order. Nonetheless, he directed the parties to depose David Garcia no later than March 10, 2006.

Six L presented the testimony of David Garcia, compliance manager for Six L packing.[4] He explained that Paragon Produce was a farming company created by Six L. David Garcia agreed that Six L obtained workers' compensation insurance for Garcia & Sons employees pursuant to Section 10 of the Farm Labor Contract. According to David Garcia, however, workers' compensation coverage was limited to "employees that work on the site as far as harvesting." R.R. at 188a. He added Garcia & Sons was responsible for any workers' compensation insurance in regard to drivers of trucks. Per Mr. Garcia, Garcia & Sons provided a list of employees to be covered. Claimant was not on that list.

By a decision dated January 30, 2007, the WCJ granted the Claim Petitions filed against both Garcia & Sons and Six L. He credited Claimant's testimony. The WCJ credited David Garcia's testimony to the extent Six L provided workers' compensation insurance to Garcia & Son's employees. The WCJ rejected this testimony, however, to the extent David Garcia stated Claimant was not covered under Six L's workers' compensation policy. He concluded that Claimant met his burden of proof to establish Six L was his statutory employer. He incorporated by reference his March 2005 Interlocutory Order.

The WCJ concluded that Claimant's work-related injuries, based on credible medical testimony, included a closed head injury with multiple residual cognitive deficits, chronic depression, post-traumatic stress disorder, dementia and organic per-

---

thereof paid and any necessary expenses from another person if the latter is primarily liable therefore...
77 P.S. §§ 461–462. (Emphasis added).

3. Six L attached to its request for reconsideration a copy of *American Rock Mechanics, Inc. v. Workers' Compensation Appeal Board (BIK and Lehigh Concrete Tech.)*, 881 A.2d 54 (Pa.Cmwlth.2005), issued five months after the WCJ's March 10, 2005 Interlocutory Order. That case held that where one is engaged in the business of renting out trucks and furnishes a driver or operator as part of the hiring, there is a factual presumption that the driver remains the employee of his original employer and unless that presumption is rebutted by evidence that the borrowing employer assumes control of the employee's manner of performing the work, the driver remains in the service of his original employer. *American Rock Mechanics*, 881 A.2d at 57. Ultimately, this case has no bearing on whether Six L is Claimant's statutory employer and it will not be addressed further.

4. David Garcia is of no relation to Fortuno Garcia.

sonality disorder secondary to his head injury, a right rotator cuff tear (surgically repaired), and a left ACL tear (surgically repaired). The WCJ directed Six L's to pay Claimant ongoing total disability benefits as a result of his work-related injury. He found Six L is entitled to be indemnified by Garcia & Sons under the provisions of the Act. The WCJ further awarded Claimant thirty weeks of indemnity benefits for a disfiguring scar to his right eye.

The Board affirmed on appeal, albeit with a slightly different analysis. The Board concluded that Claimant presented circumstantial evidence that Garcia & Sons did not have workers' compensation insurance to cover Claimant's injuries. It explained:

> We determine the WCJ's finding that Garcia [ & Sons] did not secure workers' compensation coverage is supported by substantial, competent evidence. Specifically, David Garcia testified that [Six L] had a farm labor contract with Garcia [ & Sons], which required [it] to insure Garcia's employees. However, Claimant's name was not on the list of employees covered by [Six L's] policy. *His testimony is circumstantial evidence that Garcia did not carry workers' compensation insurance for its employees in general.*

Op. dated 3/17/09, p. 6. (Emphasis added).

The Board further concluded that Six L was Claimant's statutory employer. It noted that Section 302 of the Act is made up of two pertinent subsections. The Board found that Section 302(b) of the Act is applicable to work injuries at fixed work sites such as construction sites. It added that the *McDonald* tests set forth in the WCJ's March 10, 2005 Interlocutory Or-

der, incorporated into the WCJ's final order, is applicable only to fixed work-site injuries. The Board pointed out that the second prong of the *McDonald* test requires that the contractor occupy or control the premises where the injury occurred. Under the *McDonald* test, per the Board, Six L would not qualify as a statutory employer. Relying on *Delich v. Workmen's Compensation Appeal Board (Lyons)*, 661 A.2d 936 (Pa.Cmwlth.1995), however, the Board found that the legislature intended a contractor under the second paragraph of Section 302(a) of the Act to be excluded from the requirement that it occupy or control the premises where the injury occurred before it will be held liable for the payment of compensation. It found that Six L qualified as a statutory employer under subsection (a) of Section 302 of the Act.

The Board reasoned that both subsections (a) and (b) of Section 302 of the Act provide authority to hold an entity liable for benefits as a statutory employer. In analyzing the second paragraph of subsection (a), the Board stated:

> Under a literal reading of this second paragraph, a person could be deemed a contractor for the purposes of statutory employer liability, *even if he is not performing a contract for an owner*, and normally would not be considered a general contractor. Section 302(a) also does not contain language analogous to that found in Section 302(b) about premises being occupied by the contractor under its control.

Op. dated 3/17/09, p. 7. (Emphasis added).

■ Six L petitioned this Court for review.[5] Six L argues on appeal that there

---

5. Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence and whether constitu-

tional rights were violated. *DeGraw v. Workers' Compensation Appeal Board (Redner's Warehouse Mkts., Inc.)*, 926 A.2d 997 (Pa. Cmwlth.2007).

is no support in the record for a finding that Claimant's original employer, Garcia & Sons, did not maintain workers' compensation insurance coverage for Claimant in Pennsylvania. Without satisfying this threshold burden, Six L contends it cannot be deemed a statutory employer under Section 302 of the Act. According to Six L, both the WCJ and the Board found Claimant established Garcia & Sons was not insured for workers' compensation purposes based on the contents of the Farm Labor Contract wherein Six L agreed to cover certain employees of Garcia & Sons. Six L posits that the lower adjudicating bodies inappropriately inferred that because Six L insured some employees but not others, Garcia & Sons did not possess insurance covering the remaining employees. Six L states that the Farm Labor Contract required Garcia & Sons to insure its remaining employees not covered by Six L inasmuch as it requires compliance with Pennsylvania law.

Six L acknowledges Claimant's testimony concerning conversations with co-workers and Fortuno Garcia. Despite the fact that Claimant's testimony was found credible, Six L posits that this testimony is nonetheless hearsay and cannot form the basis of a finding of fact without corroborative evidence. According to Six L, no corroborative evidence exists in the record.

■ In a claim petition, the burden of proving all necessary elements to support an award rests with the claimant. *Sysco Food Serv. of Philadelphia v. Workers' Compensation Appeal Board (Sebastiano)*, 940 A.2d 1270 (Pa.Cmwlth.2008). A claimant retains the burden to establish an entity as his statutory employer. *Vandervort*, 899 A.2d at 421; *See also Leibensperger v. Workers' Compensation Appeal Board (Thomas H. Lewis Builders, Inc.)*, 813 A.2d 28 (Pa.Cmwlth.2002)(holding that the claimant must demonstrate that the al-

leged statutory employer exercised actual control over the premises where the injury occurred, part of the *McDonald* test).

Based on *Sebastiano, Vandervort* and *Leibensperger,* Claimant had the burden in the instant proceeding to establish Six L was his statutory employer. The term "statutory employer" is not defined by the Act. The principle is governed by Sections 302(a) and Sections 302(b) of the Act. Both provisions contain criteria that must be met to hold a contractor liable for benefits as a statutory employer. It is evident, based particularly on *Vandervort* and *Leibensperger,* that Claimant must satisfy the criteria set forth in either Section 302(a) or Section 302(b) in order to hold Six L liable as a statutory employer. Although Claimant is essentially asked to prove a negative, he does not dispute the fact that he retained the burden to establish an absence of workers' compensation coverage on behalf of Garcia & Sons.

A question arises as to the best way for Claimant to meet his burden. This Court is guided by the express language contained in Section 305(c) of the Act, 77 P.S. § 501(c), curiously absent from either party's brief, that states:

> In any proceeding against an employer under this section, a certificate of non-insurance issued by the official Workmen's Compensation Rating and Inspection Bureau and a certificate of the department showing that the defendant has not been exempted from obtaining insurance under this section shall be prima facie evidence of the facts therein stated.

77 P.S. § 501(c).

■ This provision provides claimants with a simple means to establish a lack of insurance by their employer. Although Claimant did retain the burden to show a lack of insurance on the part of his pri-

mary employer and he failed to utilize the procedure available to him under Section 305(c) of the Act, Section 305(c) does not provide an *exclusive* means to establish his primary employer was without workers' compensation insurance. This Court has recognized that the Pennsylvania Rules of Evidence do not strictly apply to workers' compensation proceedings and that these proceedings are governed by more relaxed standards. *Edwards v. Workers' Compensation Appeal Board (MPW Indus. Serv.),* 858 A.2d 648 (Pa.Cmwlth.2004). WCJs are permitted to adjudicate a case by relying on circumstantial evidence. *See Garcia v. Workmen's Compensation Appeal Board (Bethlehem Steel Corp.),* 503 Pa. 342, 469 A.2d 585 (1983); *Armak–Akzona v. Workmen's Compensation Appeal Board (Naylor),* 149 Pa.Cmwlth.543, 613 A.2d 640 (1992).

■ Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. *Bonegre v. Workers' Compensation Appeal Board (Bertolini's),* 863 A.2d 68, 72 (Pa.Cmwlth.2004). Hearsay evidence, admitted without objection, will be given its natural probative effect and may support a finding if it is corroborated by any competent evidence of record. *Walker v. Unemployment Compensation Board of Review,* 27 Pa.Cmwlth. 522, 367 A.2d 366 (1976). But, a finding based solely on hearsay will not stand. *Id.* at 370.

The Board found there was circumstantial evidence in the record to find Garcia & Sons did not have workers' compensation insurance to cover Claimant. It reasoned that Garcia & Sons executed the Acceptance provision of the Farm Labor Contract to permit Six L to maintain workers' compensation insurance on behalf of employees of Garcia & Sons. The Board added that Garcia & Sons submitted a list of employees to be covered and that that list did not include Claimant. The Board reasoned that this led to the logical conclusion that Garcia & Sons did not insure Claimant.

David Garcia, however, testified that Claimant could not be subject to Six L's agreement to provide workers' compensation insurance for Garcia & Sons employees because he was not a harvester and/or otherwise did not work in the fields. It was only these employees, per David Garcia, that were subject to the coverage agreement. While David Garcia's testimony was rejected on this point, this Court must inquire what credible evidence established Claimant was subject to the coverage agreement.

■ Claimant did credibly testify as to his conversations with a fellow employee and his boss, Fortuno Garcia, about getting covered through Six L. These individual's statements are hearsay statements offered for the truth of the matter asserted. The most significant statement offered by Claimant was that Fortuno Garcia, following the motor vehicle accident, told him, "Kevin, I'm sorry, I messed up. I forgot to register you for workers' comp." R.R. at 122a. No objection was raised to this statement. The question becomes whether this statement was corroborated by any other evidence of record to support a finding of fact. *Walker.* The Farm Labor Contract at issue expressly states that, if accepted, Six L will *"make payments of unemployment insurance, workers' compensation, withholdings taxes, social security taxes and/or other deductions of employees of [Garcia & Sons.]"* Garcia & Sons accepted this provision. It does not appear that the contract makes any distinction between harvesting employees and truck drivers as urged by

David Garcia.[6] The WCJ rejected David Garcia's testimony that Claimant was not subject to this agreement. At minimum, circumstantial evidence existed that Garcia & Sons was uninsured for workers' compensation purposes as found by the Board.[7] This finding is based on Claimant's statements concerning what Fortuno Garcia told him that were not objected to as well as the language of the contract between Six L and Garcia & Sons.

We emphasize that Section 305(c) of the Act permits a claimant to submit documentation to establish "prima facie evidence" that an employer is not insured for workers' compensation purposes. The use of the term "prima facie evidence" leads us to conclude that if this evidence is presented by a claimant, the alleged "statutory employer," reading Section 305(c) of the Act in conjunction with Section 302 of the Act, could present rebuttal evidence establishing the primary employer did possess workers' compensation insurance.

Section 302(d) of the Act, added by Section 6 of the Act of July 2, 1993, P.L. 190, 77 P.S. § 462.1, states, "a contractor shall not subcontract all or any part of a contract unless the subcontractor has presented proof of insurance under this act." We reiterate that Section 5.4 of the Farm Labor Contract reads "[u]pon request of the AGRICULTURAL EMPLOYER, FARM LABOR CONTRACTOR shall provide AGRICULTURAL EMPLOYER with copies of all insurance policies ..." R.R. at 57a. A general contractor is legally obligated under the Act to verify that a subcontractor maintains workers' compensation insurance for its employees prior to entering into any agreement. Even if this was not done, Six L was authorized under the Farm Labor Contract to request proof of insurance at the time of Claimant's injury. It is acknowledged that Six L would be in a good position to rebut any erroneous claim that Garcia & Sons failed to maintain workers' compensation insurance to avoid liability as a statutory employer with proof of insurance. No such rebuttal evidence was presented.

█ Six L next argues that the Board incorrectly concluded that the *McDonald* test was not applicable. It contends that the appellate courts of the Commonwealth

6. Where the parties, without fraud or mistake, deliberately put their engagements in writing, that writing is the only evidence of their agreement, and all preliminary negotiations, conversations and verbal agreements are merged into and superseded by the subsequent written contract. *Municipal Auth. of the Borough of Edgeworth v. Borough of Ambridge Water Auth.*, 936 A.2d 538, 545, n. 12 (Pa.Cmwlth.2007). This is the parol evidence rule. *Id.* In light of the parol evidence rule and the absence of any distinction in the Farm Labor Contract, it appears this Court is precluded from even considering David Garcia's explanation that the Farm Labor Contract spoke in terms of harvesters or other field workers and not truck drivers.

7. Although we have found evidence to corroborate Fortuno Garcia's out-of-court statement, we recognize that it is questionable whether such evidence was even necessary. Garcia & Sons was a party to the litigation. Fortuno Garcia was the owner of Garcia & Sons. A party admission falls within an exception to the hearsay rule. *Kleinhagan v. Workers' Compensation Appeal Board (KNIF Flexpak Corp.)*, 993 A.2d 1269 (Pa.Cmwlth.2010). *See also Alessandro v. Workers' Compensation Appeal Board (Precision Metal Crafters, LLC)*, 972 A.2d 1245 (Pa.Cmwlth.2009). Fortuno Garcia's statement that Garcia & Sons did not obtain workers' compensation insurance for Claimant is an admission against his interest exposing him to severe penalties under the Act for such violation. It is acknowledged that Garcia & Sons did not actually participate in the litigation and that Fortuno Garcia's statement is being used to hold another party, Six L, liable for benefits. In light of the fact that we have found corroborative evidence for Fortuno Garcia's statement, we will not delve into this issue any further.

have consistently applied *McDonald* to claims under both Sections 302(a) and 302(b) of the Act. According to Six L, in order for an employee to take advantage of the statutory employer concept, he must be injured on premises occupied or under the control of the general contractor. It contends that the only exception is when the injured worker is engaged in activities expressly provided for in Section 302(a) of the Act; *i.e.*, removal, excavation or drilling of soil, rock or minerals, or the cutting or removal of timber from lands.

Claimant concedes that he did not sustain his injuries on the premises occupied or under the control of Six L. He counters, however, that this is not a typical construction case with a fixed work-site. He contends the Board was correct in finding both Section 302(b) and the *McDonald* test inapplicable. Rather Claimant contends Section 302(a) of the Act governs whether Six L is considered his statutory employer, that there is no need to apply the *McDonald* test, and that occupation or control of the premises where the injury occurred is irrelevant. Claimant contends this matter is analogous to the aforementioned *Delich* case wherein this Court held that when an entity qualifies as a statutory employer under Section 302(a) of the Act, it is the liable party regardless of whether it occupied or was in control of the premises where the subcontractors' employee was injured.

■ The intent of the statutory employer concept is to hold a general contractor secondarily liable for injuries to the employees of a subcontractor where the subcontractor primarily liable does not have workers' compensation insurance. *Caldarelli v. Workmen's Compensation Appeal Board (Mastromonaco)*, 115 Pa. Cmwlth. 611, 542 A.2d 181 (1988). Typi-

cally, in statutory employer cases, a traditional contractor-subcontractor relationship is at issue with construction work being done at a fixed site. These cases give rise to the application of Section 302(b) of the Act and the utilization of the *McDonald* test. For example, this Court held in *Caldarelli* that there was no contract of record establishing a general contractor-subcontractor relationship between Fred Caldarelli and James Dean (Dean) requiring Dean to provide painting work. *Caldarelli*, 115 Pa.Cmwlth. at 617, 542 A.2d 181. Therefore, the third prong of the *McDonald* test requiring a contract between the employer and the subcontractor could not be satisfied. *See also Gann v. Workers' Compensation Appeal Board (MBS Management/Wellington East Development)*, 792 A.2d 701 (Pa.Cmwlth.2002)(holding that it is well settled that an employer is a statutory employer when the five elements set forth in *McDonald* are satisfied); *Emery v. Leavesly McCollum*, 725 A.2d 807 (Pa.Super.1999)(holding a general contractor was the statutory employer of a forklift operator injured at a construction site as all factors of the *McDonald* test were satisfied).

In *Wright Demolition & Excavating Co. v. Workmen's Compensation Appeal Board (Manuel)*, 61 Pa.Cmwlth.479, 434 A.2d 232 (1981), the petitioner entered into an agreement for the demolition of a restaurant and the removal of debris and equipment and then subcontracted the actual demolition work to Melvin Castephany. The claimant was employed by the subcontractor. The claimant was subsequently totally disabled. He sought workers' compensation benefits that were granted by the referee who determined petitioner was the claimant's statutory employer under both Sections 302(a) and

302(b) of the Act.[8] The Board affirmed.

On appeal to this Court, petitioner argued that the Board erred in holding that under Section 302(a) of the Act, the claimant need not show that it was in control of the premises where the claimant was injured. We agreed with petitioner and found that the Board's conclusion ignored the language of Section 302(b) of the Act and ran afoul of the principle that statutes must be construed in such a way as to make the entire statute effective. This Court indicated "[w]e must conclude therefore that the General Assembly intended to provide in Section 302 that an employer would not be liable to pay compensation for injury to an employee of a contractor, unless that employer occupied or controlled the premises where the injury occurred." *Wright Demolition*, 434 A.2d at 233. We then addressed petitioner's concern that appellant was not the claimant's statutory employer under Section 302(b) of the Act because there was not substantial evidence that it had actual control of the workplace. Citing the *McDonald* test, we agreed with petitioner that actual control of the premises must be established in order to find that it was a statutory employer. We found, however, that there was sufficient evidence of record to support the referee's finding.

The claimant, in *Delich*, was injured while harvesting timber. He worked as a logging equipment operator for a timber harvesting business owned by Robert Stock. Lyon's Hardwoods (Lyons) contracted with Stock to harvest timber that it had purchased from a third party. Following an injury, the claimant filed claim petitions against both Stock and Lyons. After receipt of evidence, the referee issued a decision granting both claim petitions. He concluded that pursuant to Section 302(a) of the Act, Lyons was a statutory employer liable for the payment of compensation as Stock neither was insured, nor self-insured, as required by the Act. The Board, relying on *Wright*, reversed the WCJ's decision. It determined that Lyons may not be held liable under Section 302(a) of the Act as there was no evidence presented to establish that the premises where the injury was sustained was either occupied or under the actual control of Lyons.

This Court reversed the order of the Board and reinstated the decision of the referee. We reiterated the specific language of Section 302(a) of the Act that provides "[f]or purposes of this subsection, a person who contracts with another (1) to have work performed consisting of ... (ii) the cutting or removal of timber from lands ... such person shall be deemed a contractor, and such other person a subcontractor." We emphasized that while sections of a statute are to be read together and construed with reference to the entire statute, the language at issue was free from ambiguity and that the plain language must prevail. This Court stated that pursuant to Section 302(a) of the Act, Lyons was, as a matter of law, a liable party regardless of whether it occupied or was in control of the premises where the subcontracting employee was injured. We noted that to require an additional element as found in Section 302(b) of the Act would ignore the clear language of Section 302(a) of the Act.

This Court distinguished *Delich* from *Wright* finding that the referee in *Wright* concluded that the appellant was the claimant's statutory employer under both Sections 302(a) and 302(b) of the Act while in *Delich* only subsection (a) was consid-

---

8. WCJs were previously known as referees. *City of Philadelphia v. Workers' Compensation Appeal Board (Andrews)*, 948 A.2d 221 (Pa. Cmwlth.2008).

ered. This Court further explained that *Wright* did not involve the removal of timber from lands, but rather the demolition of a restaurant and the removal of debris and equipment. Consequently, we indicated that in *Wright,* we did not concern ourselves with the specific language set forth in Section 302(a) of the Act that was relevant in *Delich.*

Subsequently, in *Leibensperger,* the petitioner tried to extend the holding of *Delich* to a construction type situation. Petitioner worked as a siding mechanic for Sebastian Lavalle d/b/a SOS Construction. SOS Construction did subcontracting work for Thomas H. Lewis d/b/a Thomas H. Lewis Builders, Inc. (THL Builders). SOS Construction was not insured for workers' compensation purposes. The petitioner was injured when he fell off some scaffolding. The WCJ denied the claim petition filed against THL Builders concluding that it was not a statutory employer inasmuch as it did not exercise actual control over the construction site. He determined that *Delich* did not apply to the facts of the case. The Board affirmed relying on the contents of Section 302(b) of the Act and the *McDonald* test.

Petitioner appealed to this Court arguing that he need not show THL Builders exercised control over the construction site. He relied upon the language of Section 302(a) of the Act and this Court's opinion in *Delich.* Petitioner argued that the language of Section 302(a) of the Act mandated a finding that THL Builders was his statutory employer because it contracted work to SOS Construction that "was a regular and recurrent part of Respondent's business." *Leibensperger,* 813 A.2d at 31. This Court rejected petitioner's argument noting that *Delich* involved the cutting and removal of timber from lands and that the express language of Section 302(a) provided that that subsection was

the applicable provision. In contrast, we determined that the fact pattern in *Leibensperger* involved the typical contractor-subcontractor relationship as well as a fixed construction site. This scenario, we explained, was governed by Section 302(b) of the Act.

The claimant, in *Williams v. Workmen's Compensation Appeal Board (Global Van Lines),* 682 A.2d 23 (Pa.Cmwlth.1996), worked for A & L Packing & Storage (A & L). A & L did not maintain workers' compensation insurance. Global Van Lines (Global) entered into a contract with Ace Moving & Storage (Ace) to have Ace move goods on Global's behalf. Ace was an agent of Global specifically for the purpose of interstate moving. Global did not get involved in intrastate moves done by their agents. The claimant was hired as an over-the road truck driver by the owner of A & L and Thomas Hurley, who worked for Ace. On the day of his injury, the claimant received a bill of lading for an intrastate move. The claimant sustained injury to his left knee when he fell while moving furniture in the course and scope of his employment with A & L.

Based on the fact that the truck the claimant drove and the clothing provided to be worn bore Global's logo, the WCJ determined Global was the claimant's employer. He further found Global was the claimant's statutory employer pursuant to Sections 302(a) and 302(b) of the Act. The WCJ found Global was the first financially responsible party and that it had a right of reimbursement against A & L and Ace, the primary and secondary responsible parties. The Board reversed the WCJ's order as to Global, but affirmed the order as it related to A & L and Ace.

On appeal, we affirmed. We rejected the claimant's argument that Global was the claimant's employer inasmuch as Global never assumed control over the manner

the claimant performed his work. We further rejected the claimant's argument that Global was the claimant's statutory employer. We explained that *McDonald* "sets forth the five-part test which must be satisfied to demonstrate statutory employer status provided for in Sections 302(a) and (b) of the Act." We found the claimant could not satisfy these five prongs. Notably, we concluded that the second prong was not satisfied as Global did not control or occupy the premises where the injury took place and, therefore, Global could not be a statutory employer.

We reiterate the relevant language of Section 302(a) of the Act:

> For purposes of this subsection, a person who contracts with another (1) to have work performed consisting of (i) the removal, excavation or drilling of soil, rock or minerals, or (ii) the cutting or removal of timber from lands, *or (2) to have work performed of a kind which is a regular or recurrent part of the business, occupation, profession or trade of such person shall be deemed a* *contractor*, and such other person a subcontractor.[9]

The use of the term "or" is disjunctive. *In Re: Nominating Petition of Williams*, 972 A.2d 31 (Pa.Cmwlth.2009). *See also Rachael v. Forest Hills Sch. Dist.*, 94 Pa. Cmwlth. 130, 503 A.2d 472 (1986). It creates an alternative choice. *Specter v. Vignola*, 446 Pa. 1, 285 A.2d 869 (1971).

We must agree with the Board that Six L is Claimant's statutory employer and is liable for payment of Claimant's benefits inasmuch as the record supports a finding that the primary employer, Garcia & Sons, did not maintain workers' compensation insurance. This determination is made without the application of the *McDonald* test. There is no need for Six L to have controlled the premises where Claimant sustained his injuries.

Our previous decision in *Delich*, cited by the Board, establishes that where an entity is deemed a statutory employer under Section 302(a) of the Act, the claimant need not concern himself with the factors set forth in Section 302(b) of the Act. This necessarily means that the claimant is not required to satisfy the *McDonald* test.

While the claimant in *Delich* was injured cutting and removing timber from lands, that is not the only basis to qualify an entity as a "contractor," with the other contracting employer being the subcontractor under Section 302(a). That subsection utilizes the disjunctive term "or." It states, in the alternative, that "a person who contracts with another ... to have work performed of a kind which is a regular or recurrent part of the business, occupation, profession or trade of such person shall be deemed a contractor, and such other person a subcontractor." Six L is a company that farms, packs, and distributes tomatoes. It grows tomatoes in Pennsylvania. It processes tomatoes in MD. The

---

**9.** Section 105 of the Act defines the term "contractor" as follows:

The term "contractor," as used in article II, section 203, and article III, section 302(b), shall not include a contractor engaged in an independent business, other than that of supplying laborers or assistants, in which he serves persons other than the employer in whose service the injury occurs, but shall include a subcontractor to whom a principal contractor has sublet any part of the work which such principal contractor has undertaken.

The definition of the term "contractor" in Section 302(a) is consistent with the express language of Section 105 of the Act which expressly refers to Section 302(b) and expressly omits any reference to Section 302(a). The subsection in which Section 302(a) is found contains its own definition for the term "contractor."

transport of tomatoes from one location to another is a regular and recurrent part of its business. Six L contracted with Garcia & Sons to provide that transport. It is the contractor and Garcia & Sons is the subcontractor. Claimant was able to establish Six L was his statutory employer under the Act.

The present matter is distinguishable from *Wright* that was a fixed-site (demolition) case. Moreover, as we indicated in *Delich*, the WCJ adjudicated that matter not only under Section 302(a), but 302(b) of the Act as well. *Leibensperger* was also a fixed-site (construction) case. In that matter, we emphasized that the scenario presented was clearly one governed by Section 302(b) of the Act. The matter closest to the one before us is *Global Van Lines*. There was no fixed site (transportation). The claimant sustained his injury while providing moving services. We determined Global was not the claimant's statutory employer under Section 302(a) and (b) of the Act. We found he failed to satisfy the *McDonald* test. The claimant in that case, however, never raised an argument that he was entitled to benefits payable by Global as his statutory employer based exclusively under Section 302(a) of the Act. Such is the case here.

Six L further contends that it cannot be Claimant's statutory employer as a matter of law because it is the owner of the fields where the tomatoes were picked, the warehouse where the tomatoes were packed, and the processing centers to which the tomatoes were delivered. It has been held that the owner of the premises cannot be considered a statutory employer under Section 302(b) of the Act when it contracts with another for work on its premises. *Smith v. Workmen's Compensation Appeal Board (Miller)*, 152 Pa.Cmwlth. 77, 618 A.2d 1101 (1992). *See also Gann*, 792 A.2d at 703. These holdings take root in

the *McDonald* case wherein the Supreme Court stated:

> Where an owner contracts with another for work on his premises in furtherance of his regular business, the employment is an independent one, establishing the relation of contractee and contractor and not that of master and servant or statutory employer and employee, and a workman injured on that work is not entitled to compensation from the owner as statutory employer or master unless the relation of master and servant is established by the contract reserving control over the means of accomplishing the work as well as over the result to be accomplished.

*McDonald*, 302 Pa. at 296–297, 153 A. at 427.

As we have indicated, *McDonald* and its progeny are applicable to Section 302(b) of the Act. Further, one of the factors to establish a statutory employer under *McDonald* is that the alleged statutory employer must be working under a contract with the premises owner. It is unlikely that the owner would contract with itself to do work on its own premises. These principles are not applicable to claims under Section 302(a) of the Act. We must reject Six L's argument in this regard.

After a review of the record, we conclude that the Board did not err in affirming the WCJ's decision. Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 23rd day of July, 2010, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.